THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARY GSTALTER, Respondent, v. HERBERT S. SISSON, as State Commissioner of Excise, and HORACE F. HUNT, as Special Deputy Commissioner of Excise for the County of Erie, Respondents, Appellants.

Fourth Department, October 17, 1917.

**Intoxicating liquors — determination by commissioners of places in which trafficking in liquors may be continued under the Liquor Tax Law, as amended by Laws of 1917, chapter 623 — designation of places by Commissioner of Excise upon failure of commissioners to comply with statute.**

Where at the time of an investigation by commissioners appointed under the Liquor Tax Law, as amended by Laws of 1917, chapter 623, to determine the places in a town where trafficking in liquors under subdivision 1 of section 8 may be continued, the number of places according to the statute could not exceed seven in all, and there were eleven, six in the village and five in the town outside of the village, the commissioners should

designate four in the village and three in the town outside, instead of three in the village and four outside.

Where the commissioners failed so to make the designations as provided by the statute, the Commissioner of Excise is required to make the same.

APPEAL by Herbert S. Sisson, as State Commissioner of Excise, and another from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 28th day of September, 1917, directing the issuance of a peremptory writ of mandamus requiring the appellants to accept the relator's application and issue to her a liquor tax certificate to traffic in liquors in the town of Evans in the county of Erie.

*Harry D. Sanders* [*Clarence MacGregor* of counsel], for the appellants.

*Walter W. Chamberlain,* for the respondent.

KRUSE, P. J.:

The commissioners appointed under the provisions of chapter 623 of the Laws of 1917 (amdg. Liquor Tax Law, § 8, subd. 9) to determine the places in the town of Evans, Erie county, where trafficking in liquors under subdivision 1 of section 8 of the Liquor Tax Law (Consol. Laws, chap. 34 [Laws of 1909, chap. 39], as amd.) may be continued included the relator's place in their statement of such places. The statement was timely filed, but the State Commissioner of Excise refused to issue her a liquor tax certificate because, as he contends, the commissioners did not follow the provisions of the statute in making the designations and that such designations are ineffective and void.

According to the provision of the act under which the commissioners were appointed the number of subdivision 1 liquor tax certificates to be issued in the town for the year commencing October 1, 1917, could not exceed one for every five hundred population and concededly according to this ratio the number could not exceed seven in all. At the time of the investigation by the commissioners there were eleven, six in the village of Angola and five in the town outside of the village. The act further provides in a case like this, where there is a village in the town, that the commissioners

shall reduce the number of places in the village and in the territory of the town outside of the village as nearly as may be in proportion to the number of places where trafficking in liquors was engaged in at the time of the investigation. The commissioners designated the proper number in the town, but failed to observe the rule of proportion prescribed by the statute as between the village and the town outside the village. They designated three places in the village and four outside, while four should have been designated in the village and three in the town outside of the village.

The act states that the determination of the commissioners shall be final and conclusive, but in that connection provides that " In case such commission shall fail to designate on or before September first, nineteen hundred and seventeen, the places in such city or town for which liquor tax certificates may be issued, or in case the mayor of a city or the town board of a town refuses or fails to appoint such commissioners, or if for any other cause such designation is not made, the State Commissioner of Excise shall designate said places."

I think it clear that the commissioners failed to make the designations as the statute provides, and having so failed the State Commissioner of Excise was required to make the same; he has done so designating four in the village and three in the town outside the village, but the relator's place is not among those so designated. She is, therefore, not entitled to continue to traffic in liquor as heretofore.

The order should be reversed, and the application for the writ denied.

All concurred.

Order reversed and application for writ denied, without costs, as a matter of law and not in the exercise of any discretion.