In the Matter of the Application of PAUL GAIGNAT, Respond-
ent, for a Writ of Certiorari Commanding HERBERT S.
SISSON, as State Commissioner of Excise, and WALTER
RAYNOR, as Special Deputy Commissioner of Excise for the
County of Nassau, Appellants, to Certify and Return, etc.,
All Proceedings Had, etc., Relating to the Refusal, etc., to
Issue to the Said PAUL GAIGNAT a Liquor Tax Certificate,
etc.

Second Department, December 21, 1917.

**Intoxicating liquors — power of commissioners appointed to reduce
number of places trafficking in liquors — when their determina-
tion not void so as to entitle State Commissioner to make new
designation.**

Under the provisions of section 8 of the Liquor Tax Law, as amended
by Laws of 1917, chapter 623, providing that where a town contains
one or more villages, the commission shall reduce the number of places
in each of such villages, and in the territory of such town outside of such
villages " as nearly as may be " in proportion to the number of places
where trafficking in liquors was engaged in at the time of investigation,
the commission may take into consideration not only mathematics but
their practical experience in business affairs, their acquaintance with
commercial and social conditions of the town and the information as to
the character of the places derived from the investigation.

Hence, where the commission has designated ten places in a village, but
by applying a strict mathematical ratio said village would be entitled
to only nine places, said designation is not void and does not entitle the
State Commissioner of Excise to make a new designation.

There is nothing in the statute suggesting that the State Commissioner is
given any power of supervision over the local commissions whose action
the statute declares to " be final and conclusive."

APPEAL by the defendants, Herbert S. Sisson, as State
Commissioner of Excise, and another, from an order of the
Supreme Court, made at the Nassau Special Term and entered
in the office of the clerk of the county of Nassau on the 8th
day of October, 1917, directing the Special Deputy Com-
missioner of Excise for the county of Nassau to issue to the
relator a liquor tax certificate for his place in the village of
Rockville Center.

Acting under the provisions of chapter 623 of the Laws of 1917, a commission consisting of three members appointed, pursuant to said act, by the town board of the town of Hempstead, made a report by which they determined that the number of places within the village of Rockville Center where traffic in liquor might be conducted during the year commencing October 1, 1917, should be reduced from fourteen to ten, and designated the relator's premises as a place where traffic in liquors might be conducted during the ensuing year. The relator thereupon duly made application to the Special Deputy Commissioner for the county of Nassau for a certificate for the term of one year beginning October 1, 1917. The application was refused by direction of the defendant the State Commissioner of Excise, who, disregarding the designation of the local commission as void, had himself made a designation in place thereof, which reduced the number of places in Rockville Center to nine, excluding the relator's place therefrom. The relator thereupon brought this proceeding, which resulted in an order directing the defendant the Special Deputy Commissioner of Excise for the county of Nassau to issue the certificate to the relator, and the defendants have appealed to this court.

*C. S. Ferris* [*Harry D. Sanders* with him on the brief], for the appellants.

*James A. Blanchfield* [*Daniel E. Lynch* with him on the brief], for the respondent.

BLACKMAR, J.:

The Liquor Tax Law (Consol. Laws, chap. 34; Laws of 1909, chap. 39) was amended by chapter 623 of the Laws of 1917, which went into effect May 22, 1917. The purpose of that portion of the amended act which we are considering was, in the language of the act itself, " to reduce, on and after October first, nineteen hundred and seventeen, the number of places or premises in or on which the business of trafficking in liquor may be conducted under certificates issued under subdivision one of this section, in cities having by the last State census a population of fifty-five thousand or less and in towns, to a ratio of not exceeding one certificated

place or premises for each five hundred of the population of such city or town." (§ 8, subd. 9, ¶ c, as amd. *supra.*) For this purpose the act directed the town board of each town to appoint a commission of three to investigate, and, if conditions required a reduction in number, to report a designation of the places for which certificates might be issued for the ensuing year. The necessary result would be to exclude some places from the privilege of renewal. This delicate matter is referred by the act to representatives of the locality affected. In this case the State Commissioner of Excise has set aside the designation by the local commission, substituting his own in its place, and legislative warrant for this course is supposed to be found in the following provision of the act:

" (4) The determination of such commission shall be final and conclusive. In case such commission shall fail to designate on or before September first, nineteen hundred and seventeen, the places in such city or town for which liquor tax certificates may be issued, or in case the mayor of a city or the town board of a town refuses or fails to appoint such commissioners, or if for any other cause such designation is not made, the State Commissioner of Excise shall designate said places."

The State Commissioner claims that this law empowers him to act because the designation of the local commission is void as made in violation of the following provision:

" Where a town contains one or more villages or parts of villages, and there are two or more places in each of such villages or parts of villages in such town, and in the territory of such town outside of such villages, for which certificates under subdivision one of this section have been issued, the commission in making its determination hereunder shall reduce the number of places in each of such villages and parts of villages, and in the territory of such town outside of such villages, as nearly as may be in proportion to the number of places where trafficking in liquors was engaged in at the time of the investigation."

In applying the strict mathematical ratio, the village of Rockville Center would be entitled to nine places as fixed by the State Commissioner, and not to ten, as designated by

the local commission; and the question is whether such a departure from accurate mathematical computation renders the designation of the local commission void as though it had not acted at all. The legislative mandate laid upon the commission in respect to the distribution of certificates between the villages and rural districts of a town is not to obey without deviation a mathematical rule, as it is where they are commanded to reduce the number of licensed places so that they shall not exceed one for each five hundred of the population; but the commission is required to reduce the licensed places in the villages and rural districts of the town " as nearly as may be " in proportion to the number of places where traffic in liquors was engaged in at the time of the investigation. The words " as nearly as may be " must be given the meaning and scope required by the legislative intent, both as to the purpose of the act and the method of its administration. It is true that, in attempting to work out the proportional reduction, fractions might and probably would appear, and, therefore, absolute mathematical accuracy cannot be attained, and it is suggested that the words " as nearly as may be " were inserted to meet this situation, and confer no discretion on the commission further than is involved in eliminating fractions. But having in view the whole scope of the act, we think the words authorize the commission to take into consideration other things than mere mathematics. The administration of the law was committed to local boards called commissions, appointed by local authority. The law expressly insists on local qualifications. It reads: " The persons so appointed as members of such commission shall be persons of good standing in the community and shall have had practical experience in business affairs and be acquainted with commercial and social conditions in the city or town for which they are appointed." They are then commanded to " investigate as to the location of places within such city or town where trafficking in liquors is engaged in under liquor tax certificates * * * and may inquire as to the conduct of such business at such places." When the commission, so qualified, has made such investigation, then it must determine which of the existing certificated places shall survive. The exercise of this power rests on

discretion, qualified only by the requirement that when the town contains one or more villages, the proportion of certificated places shall be maintained "as nearly as may be." I think that these words authorize the commission to take into consideration, not only mathematics, but their "practical experience in business affairs," their acquaintance "with commercial and social conditions" of the town, and the information as to the character of the places derived from the investigation. It may be that these considerations will prevent maintaining the mathematical proportion between the village and the rural district. We must assume that such considerations did govern the commission in allotting to the village of Rockville Center ten certificated places instead of nine, which would be the result of a purely mathematical computation excluding all other considerations. If the commission is simply to make a mathematical computation, which the State Commissioner of Excise can revise and, if mathematical error be found, treat its whole action as void, why should the statute provide that "The determination of such commission shall be final and conclusive?" It is absurd to confer on any body the power to conclusively determine a mathematical problem. The power is appropriate only to a determination upon which reasonable men may differ, in other words, to a judicial determination or one which involves the exercise of discretion. In *People ex rel. Carter* v. *Rice* (135 N. Y. 473) the reasoning and decision of the court confirms our view of the effect which should be given to the words "as nearly as may be" in this case. The act shows the plain legislative intent that its administration shall be by local commissions; and only in event of their failure to act, and to prevent a failure to accomplish the primary purpose of the law, which is to reduce the number of certificated places, is power given to the State Commissioner. There is nothing in the act suggesting that the State Commissioner is given any power of supervision over the local commissions. The court should not subvert the legislative intent by a strained construction of the act. The local commission has acted; its action is final and conclusive, as the statute declares; and no power exists in the State Commissioner to set it aside and to substitute his own designation.

Our decision seems to differ from that of this court in its Fourth Department in the case of *People ex rel. Gstalter* v. *Sisson* (179 App. Div. 610).

The order should be affirmed, with ten dollars costs and disbursements.

JENKS, P. J., THOMAS, STAPLETON and RICH, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.